UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH LOWERY BEY )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES PAROLE )<br>  COMMISSION, *et al.* )<br>)<br>Respondent. ) | Civil Action No. 05-1373 (ESH) |

**UNITED STATES PAROLE COMMISSION'S OPPOSITION TO
PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Petitioner Joseph Lowery Bey's petition for a writ of habeas corpus. In his petition, Petitioner claims that the United States Parole Commission improperly forfeited the time he spent on parole, known as street time, and that this forfeiture of street time, violated his constitutional rights. For the reasons set forth herein, this Court should summarily deny the petition.

**PROCEDURAL HISTORY**

On April 12, 1976, Petitioner was sentenced in the United States District Court for the District of Columbia to a term of imprisonment of 4 to 12 months for unlawful possession of a treasury check. *See* Exhibit A.[1] On July 6, 1976, Petitioner was sentenced in the United States District Court for the District of Columbia to a term of 1 to 3 years for unlawful distribution of a controlled substance. *See* Exhibit B. And, on November 4, 1976, Petitioner was sentenced in the Superior Court of the District of Columbia to an aggregate term of 8 to 24 years for assault with

---

[1] The Court also revoked Petitioner's previously imposed term of probation.

intent to kill and assault with a dangerous weapon. *See* Exhibit C. Combined, Petitioner therefore accumulated a combined sentence of 9 years and 4 months to 28 years.

Petitioner was paroled on July 16, 1985, and was to remain under parole supervision until June 7, 2002. *See* Exhibit D. However, on October 20, 1986, the District of Columbia Board of Parole issued a warrant for Petitioner's arrest after determining that Petitioner violated the conditions of his parole. *See* Exhibit E. The warrant was executed on February 16, 1987. *See* Exhibit F. Petitioner's parole was revoked on April 1, 1987, based on findings that he failed to maintain legitimate employment, failed to inform his parole officer of employment, and failed to follow instructions. *See* Exhibits G-1 and G-2. Petitioner escaped from custody on May 7, 1988. *See* Exhibit H. He engaged in additional criminal activity and was subsequently convicted in the Superior Court of the District of Columbia and sentenced on November 5, 1991, to a term of 150 days for possession of heroin. *See* Exhibit I. Petitioner escaped from custody again and was later convicted in the Superior Court of the District of Columbia and sentenced on June 9, 1994, to a term of six months for attempted prison breach. *See* Exhibits J-1 and J-2. Petitioner was reparoled on January 16, 1996, and was to remain under parole supervision until January 28, 2009. *See* Exhibit K.

The United States Parole Commission issued a warrant for Petitioner's arrest on June 7, 2001. *See* Exhibit L.[2] Petitioner was arrested on the warrant on September 4, 2001. *See* Exhibit M. Following a parole revocation hearing, Petitioner's parole was revoked on December 10,

---

[2]On August 5, 1998, the United States Parole Commission assumed responsibility for parole release decisions formerly made by the District of Columbia Board of Parole, and on August 5, 2000, the Parole Commission assumed responsibility for parole revocation decisions formerly made by the Board. *See* D.C. Code § 24-131(a)(1)-(2).

2001, based on findings that he possessed heroin. *See* Exhibit N. Petitioner was reparoled on June 17, 2002, and he was to remain under parole supervision until September 16, 2014. *See* Exhibit O.

On August 30, 2002, the Parole Commission issued a warrant for Petitioner's arrest on August 30, 2002, based on charges that Petitioner used drugs, failed to submit to drug testing, and failed to report to his community supervision officer. *See* Exhibits P-1 to P-2. Petitioner was arrested on the warrant on September 12, 2002 and received a probable cause hearing on September 17, 2002. *See* Exhibit Q. Following a parole revocation hearing, Petitioner's parole was revoked on November 18, 2002. *See* Exhibit R. Petitioner was reparoled on September 11, 2003, and he was to remain under parole supervision until March 21, 2014. *See* Exhibit S.

The Parole Commission issued a warrant on April 20, 2005, based on charges that Petitioner failed to submit to drug testing, used dangerous and habit forming drugs, failed to participate in drug aftercare and failed to report to his supervising officer as directed. *See* Exhibits T-1 and T-2. The warrant was executed on May 4, 2005, and Petitioner received a probable cause hearing on May 6, 2005. *See* Exhibit U.

On July 2, 2005, Petitioner accepted an expedited revocation proposal pursuant to 28 Code of Federal Regulations § 2.66. In accepting the proposal, Petitioner also accepted responsibility for his conduct, waived his right to a revocation hearing, and waived his right to appeal the decision. *See* Exhibit V. On July 21, 2005, the Parole Commission issued a decision revoking Petitioner's parole, and continuing him to a presumptive reparole date of July 2, 2006, after the service of 14 months. *See* Exhibit W.

## ARGUMENT

In his petition for a writ of habeas corpus, Petitioner seeks relief from the Parole Commission's decisions about his parole. In particular, Petitioner takes issue with the Commission's decision not to give him credit for the time he served while on parole ("street time"), claiming, *inter alia*, that he did not have notice that the Commission could impose such a sanction, and that the Parole Commission's actions were improper because the decision not to give him credit for street time violated his rights under the United States Constitution. For the reasons set forth below, this Court should reject Petitioner's arguments and summarily deny his petition.

### I. Petitioner Waived His Right To Contest Revocation

On June 24, 2005, this Court received Petitioner's petition for a writ of habeas corpus. However, days later, on July 2, 2005, Petitioner accepted the Parole Commission's Expedited Revocation Proposal, which expressly stated that "[n]one of the time spent on Parole shall be credited." *See* Exhibit V. Further, Petitioner acknowledged that "[b]y accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision." *Id.*

This Court should deny Petitioner's petition because he expressly elected to waive his opportunity to raise the claims that he now raises in his habeas petition before this Court. *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972) (a parole revocation hearing is the parolee's "opportunity to be heard and to show, if he can, that he did not violate the condition, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation"). This Court should not permit Petitioner to circumvent his waiver by proceeding with his petition for a

writ of habeas corpus. Instead, because Petitioner waived his rights at the administrative level, this Court summarily should deny Petitioner's petition for a writ of habeas corpus, which asserts the very rights that Petitioner waived.

**II. The United States Parole Commission's Decision Not to Give Petitioner Credit for Time Spent on Parole Is Valid and Constitutional**

Even if one assumes, *arguendo*, that Petitioner did not waive his right to challenge the Parole Commission's decision, this Court still should deny Petitioner's petition for a writ of habeas corpus because there is no merit to the claims presented in the petition. Petitioner asserts that the Parole Commission violated his rights when it decided not to give him credit against his sentence for the time he spent on parole because: 1) he did not have sufficient notice that the Parole Commission could take such action; and 2) the Parole Commission's decision violates the *ex post facto* clause of the United States Constitution. Each of those arguments fails.[3]

Petitioner's claim that he did not have sufficient notice that he might not receive credit for street time if he violated the conditions of parole is simply incorrect. It has long been established that when a prisoner violates parole and parole is subsequently revoked, "[t]he time [the] prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a); *see also Davis v. Moore*, 772 A.2d 204, 218-19 (D.C. 2001) (noting that D.C. Code offenders were on notice that they might not receive credit for street time). Further, given that Petitioner did not receive credit for street time when the Parole

---

[3] In passing, Petitioner also suggests that the Parole Commission lacked jurisdiction, presumably to revoke his parole and recalculate his release date. Again, petitioner is incorrect, as the Parole Commission clearly has the authority and jurisdiction to take the actions it did regarding Petitioner's parole. *See* D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia.").

Commission revoked his parole in 2001 and 2002 (*see* Exhibit N (parole revoked on December 10, 2001, and none of the time spent on parole was credited); Exhibit R (same, on November 18, 2002)), he certainly should have been aware that he would not receive such credit when the Parole Commission began taking steps to revoke his parole in 2005.

      Petitioner's claim that the Parole Commission violated the *ex post facto* clause when it did not give him credit for street time also fails. In *United States Parole Commission v. Noble*, 693 A.2d 1084, 1086-87 (D.C. 1997), adopted *en banc*, 711 A.2d 85 (D.C. 1998), the District of Columbia Court of Appeals held that, under D.C. Code § 24-206(a), a parolee must forfeit all the time spent he has spent on parole if parole is revoked, *i.e.*, he must forfeit his "street time."[4] Later, in *Davis v. Moore*, 772 A.2d 204 (D.C. 2001) (*en banc*), the District of Columbia Court of Appeals held that the retroactive application of *Noble* to prisoners whose "street time" had been served before *Noble* was decided did not violate the *ex post facto* clause. *Davis*, 772 A.2d at 215-16. Thus, there is no support for Petitioner's claim that he is entitled to credit for his "street time" or that the forfeiture of his "street time" following the revocation of his parole violated his constitutional rights.

---

[4] After <u>Noble</u> was decided, D.C. Code § 24-206 was re-codified at § 24-406.

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to relief on his claims, and thus this Court summarily should deny Petitioner's petition for a writ of habeas corpus.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> United States Attorney
>
> ROBERT D. OKUN (D.C. Bar No. 457-078)
> Chief, Special Proceedings Section
>
> _____/s/_____
> GEOFFREY CARTER (D.C. Bar No. 460-971)
> Assistant United States Attorney
> 555 Fourth Street, N.W., Tenth Floor
> Washington, D.C. 20530
> (202) 305-1845

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2005, a copy of the foregoing pleading was served via U.S. mail on Petitioner Joseph Lowery Bey, *pro se*, postage prepaid, at the following address:

Joseph Lowery Bey
1901 D St., SE
Washington, DC 20003

    /s/ Geoffrey Carter
ASSISTANT UNITED STATES ATTORNEY