# Exhibit T-2

| | |
|---|---|
| **U.S. DEPARTMENT OF JUSTICE** <br> **UNITED STATES PAROLE COMMISSION** | **WARRANT APPLICATION** <br> **D.C. Code Offender** |

Name............................. **Lowery-bey, Joseph**

| | |
|---|---|
| Reg. No .......................... **21116-145** | Date........................................**April 20, 2005** |
| DCDC No. ..................... **169-146** | Termination of Supervision ......**3-21-2014** |
| FBI No .......................... **279 4 46G** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ..................... **4-11-1949** | Offender Is On Mandatory Release, Termination |
| Race .............................. **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date .........................**2-25-2004** |
| | Released..........  .......................**9-11-2003** |

Sentence Length............**27 Years 2 Months 24 Days (Original); 4209 Days (PV Term)**
Original Offense ............**Assault With Intent to Kill, Assault With a Dangerous Weapon, Possession of Heroin,**
**Attempted Prison Breach**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 2-25, 3-1, 5-6, and 5-11-05. This charge is based on the information contained in the violation report dated 2-23-05 from supervising officer Mazen Eraifeg.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens, which tested positive for:

Cocaine Metabolite on 4-20, 4-22-04
Opiates on 4-20, 4-22-04
Methadone on 4-20-04
This charge is based on the information contained in the violation report dated 2-23-05 from supervising
officer Mazen Eraifeg and corresponding laboratory report.
I ADMIT [   ] or DENY [   ] this charge.

**Charge No.  3  - Violation of Special Condition (Drug Aftercare).**   The releasee failed to keep
appointments with the drug aftercare program on 5-17-04 as directed.    This charge is based on the
information contained in the violation report dated 2-23-05 from supervising officer Mazen Eraifeg.
I ADMIT [   ] or DENY [   ] this charge.

**Charge No.  4 - Failure to Report to Supervising Officer as Directed.**   The releasee failed to report to
the supervising officer after 5-4-04 as directed and has thereafter made himself unavailable for supervision.
This charge is based on the information contained in the violation report dated 2-23-05 from supervising
officer Mazen Eraifeg.
I ADMIT [   ] or DENY [   ] this charge.

**Probable Cause Hearing Is Required**                    Warrant Recommended By:


Warrant Issued.................. **April 20, 2005**          Jordana Randall, Case Analyst Trainee
                                                           U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit XI-Team 19, 3850 South Capitol**