UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH LOWERY BEY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 05-1373 (ESH) |
| | ) |
| U.S. PAROLE COMMISSION, *et al.*, | ) |
| | ) |
|     Respondents. | ) |
| | ) |

**MEMORANDUM OPINION**

This is a habeas corpus action brought pursuant to 28 U.S.C. §2241. Petitioner, appearing *pro se*, is challenging the parole revocation decision of the United States Parole Commission ("Parole Commission") forfeiting the time he spent on parole. Because the Court finds that the claim is without merit, the petition for writ of habeas corpus will be denied and the case will be dismissed.

**BACKGROUND**

On September 8, 1971, in the United States District Court for the District of Columbia, Petitioner was sentenced to probation for unlawfully possessing a United States Treasury check. Parole Commission's Opposition to Petition for Writ of Habeas Corpus ("Parole Commission's Opp."), Exhibit ("Ex.") A. On April 12, 1976, Petitioner's probation was revoked and he was sentenced to a term of imprisonment of four to twelve months. *Id.* Petitioner was then convicted of unlawful distribution of a controlled substance and sentenced to a concurrent term of one to three years imprisonment on July 6, 1976. *Id.*, Ex. B. On November 4, 1976, in the Superior Court of the District of Columbia, Petitioner was sentenced to an aggregate term of

eight to twenty-four years for assault with intent to kill and assault with a deadly weapon.  *Id.*, Ex. C.

The District of Columbia Board of Parole ("D.C. Board") paroled Petitioner on July 16, 1985.  *Id.*, Ex. D.  Petitioner was ordered by the D.C. Board to remain under parole supervision until June 7, 2002.  *Id.*  On April 1, 1987, the D.C. Board revoked Petitioner's parole on the grounds that he failed to maintain legitimate employment, inform his parole officer of his employment, and follow the parole officer's instructions.  *Id.*, Ex. G-1 and Ex. G-2.  Petitioner escaped from the custody of the District of Columbia Department of Corrections on May 7, 1988, and remained on escape status until May 9, 1991.  *Id.*, Ex. H.

On November 5, 1991, Petitioner was sentenced in D.C. Superior Court to 150 days for possession of heroin.  *Id.*, Ex. I.  On June 9, 1994, Petitioner was sentenced to a term of six months imprisonment for attempted prison breach.  *Id.*, Ex. J-1.  The D.C. Board granted Petitioner parole on January 16, 1996 and ordered Petitioner to remain under parole supervision until January 28, 2009.  *Id.*, Ex. K.

On August 5, 1998, parole authority over D.C. Code offenders was transferred from the D.C. Board to the Parole Commission.  *See* D.C. Code § 24-1231; *see also Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).  On December 10, 2001, the Parole Commission revoked Petitioner's parole based on the finding that he had been in possession of heroin.  Parole Commission's Opp., Ex. N.  The Parole Commission revoked Petitioner's parole and ordered him to serve a revocation term of 10 months.  *Id.*  On June 17, 2002, the Parole Commission again paroled Petitioner and ordered that he remain under parole supervision until September 16, 2014.  *Id.*, Ex. O.

The Parole Commission revoked Petitioner's parole on November 18, 2002, on the grounds that he used dangerous and habit-forming drugs, failed to submit to drug testing, and failed to report to his parole officer as directed. *Id.*, Ex. R. Petitioner was sentenced by the Parole Commission to a revocation term of 12 months. *Id.* On September 11, 2003, Petitioner was paroled and ordered by the Parole Commission to remain under its supervision until March 21, 2014. *Id.*, Ex. S.

On April 20, 2005, the Parole Commission issued a warrant for Petitioner's arrest based on allegations that he violated his parole by failing to submit to drug testing, using dangerous and habit-forming drugs, failing to participate in a drug aftercare program, and failing to report to his parole officer as directed. *Id.*, Ex. T-1 and Ex. T-2. On July 2, 2005, Petitioner agreed to an expedited revocation process. *Id.*, Ex. V. The Parole Commission proposed to Petitioner that his parole be revoked and that he be ordered to serve 14 months. *Id.* Petitioner agreed to accept responsibility for his conduct, waive his right to a revocation hearing, and waive his right to appeal the revocation decision. *Id.* The Parole Commission revoked Petitioner's parole on July 21, 2005 and continued him to a presumptive reparole date of July 2, 2006. *Id.*, Ex. W.

## DISCUSSION

Petitioner contends that the forfeiture of his street time by the Parole Commission violated the Ex Post Facto Clause of the Constitution and extended his sentence beyond the maximum under the law. The Ex Post Facto Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). A statute retroactively increasing the penalties upon parole

revocation also would be unconstitutional. *Johnson v. United States*, 529 U.S. 694, 701 (2000). The same principle applies to an administrative regulation promulgated pursuant to statutory authority. The "controlling inquiry" is whether retroactive application of the change in a parole regulation creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000).

Petitioner's claim arises from decisions of the District of Columbia Court of Appeals resolving an apparent conflict between two District of Columbia statutes and the interpretation of those statutes by the District of Columbia Department of Corrections. The two statutes at issue posed an apparent conflict on the issue of street time forfeiture following a parole revocation. One statute, enacted in 1932, provided that "[i]f the order of parole shall be revoked ... [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-206(a). In 1987, the District of Columbia enacted a statute that appeared to grant street time credit to parole offenders: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed." D.C. Code § 24-431(a).

After being advised by Corporation Counsel that the latter statute repealed the former, the D.C. Department of Corrections promulgated a regulation providing that parole revocation would not result in the loss of street time toward service of the sentence for which parole has been granted. *See Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001). That regulation was invalidated by the D.C. Court of Appeals' decision in *United States Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997). In that case, the court held that the law enacted in 1932 providing for loss of street time upon parole revocation was not repealed by the statute enacted in 1987. *Id.* at 1095.

As a result, because the agency had erroneously granted street time credit, the Department of Corrections was required to change its method of computing a person's sentence. *Davis*, 772 A.2d at 208. The District of Columbia Court of Appeals ruled, in a subsequent decision, that *Noble* was retroactive and was applicable to persons who committed their offenses before the issuance of the *Noble* decision. *See id.* at 215.

Petitioner's street time was forfeited because of a judicial decision invalidating a policy of the D.C. Department of Corrections. A judicial construction of a statute is "an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 311-12 (1994). However, an unforeseeable interpretation of a statute, if applied retroactively, that increases punishment violates due process. *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964). A judicial construction of a statute is not foreseeable if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." *Id.* at 354.

The decision of the D.C. Court of Appeals in *Noble* was not so unforeseeable as to amount to a due process violation. First, the D.C. statute that required the forfeiture of street time had never been repealed. *See Davis*, 772 A.2d at 216. Moreover, petitioner was on notice that at the time the Department of Corrections implemented its policy that the United States Parole Commission took a contrary view of D.C. law and continued to forfeit street time upon revocation of parole. *Id.* at 209; *see also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998)(interpreting *Noble*), *cert. denied*, 525 U.S. 1075 (1999). And at the time petitioner violated his parole, the only judicial decision that had addressed the issue found that the D.C. statute providing for the forfeiture of street time had not been repealed by the subsequent D.C.

5

statute and the Department of Corrections policy.  *See Tyler v. United States,* 929 F.2d 451, 457 (9th Cir.), *cert. denied*, 502 U.S. 845 (1991).  For these reasons, the invalidation of the D.C. Department of Corrections' statutory interpretation did not violate the Ex Post Facto Clause.  *See Davis,* 772 A.2d at 215-16; *accord McQueen v. United States Parole Comm'n*, 2005 WL 913151, at *2 (D.D.C, Apr. 19, 2005); *Simmons v. United States Parole Comm'n*, 2005 WL 758268, at *1-2 (D.D.C. Apr. 1, 2005); *Wade v. Figueroa,* 2005 WL 607974, at *2 (D.D.C. Mar. 15, 2005).

Accordingly, the Parole Commission did not violate petitioner's constitutional rights when it revoked his parole.  Therefore, the petition for writ of habeas corpus will be denied.

                                                   s/
                                 ELLEN SEGAL HUVELLE
                                 United States District Judge

Date:  August 29, 2005